UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


**M.E., a minor, by and through**    )
**MIA DAVIS, his Next Friend,**      )
                                     )
         **Plaintiff,**              )
                                     )
         vs.                         )    No. 4:05CV396-DJS
                                     )
**UNITED STATES OF AMERICA, MYRTLE** )
**HILLIARD DAVIS COMPREHENSIVE**     )
**HEALTH CENTERS, INC., JONATHAN R.**)
**REED, and TENET HEALTHSYSTEMS**    )
**DI, INC.,**                        )
                                     )
         **Defendants.**             )

                   <u>**MEMORANDUM AND ORDER**</u>

       Now before the Court are plaintiff's petition for approval of settlement and proposed order approving settlement. After reviewing plaintiff's petition and proposal, the Court disapproves the proposed settlement, finding that it fails to comply with Missouri law governing settlements involving minors. <u>See</u> § 507.184 R.S.Mo. Section 507.188.2 R.S.Mo. requires that:

> If, after paying the attorney fee and the expenses, the next friend . . . has in his hands money or property of the minor in an amount in excess of ten thousand dollars, then the court shall order the next friend . . . to pay or transfer such money or property to a duly appointed and qualified conservator of the minor.

Furthermore, the statute requires that:

> Upon such payment or transfer, the next friend . . . shall file with the court or the clerk thereof a receipt from such conservator to whom such payment or transfer was made, evidencing such payment, with a certified copy of such conservator's letters attached to such receipt.

§ 507.188.2 R.S.Mo.

Plaintiff's proposed order incorrectly suggests that Mia Davis, the next friend, "is not required to file a probate court supervised and bonded conservatorship pursuant to § 507.150 R.S.Mo." (Proposed Order [Doc. #33] at 2.) After attorney fees and expenses are paid, plaintiff indicates that no more than $10,000 will remain in the hands of the next friend and the remainder will be placed in an annuity. The Court is not persuaded that an annuity can substitute for the statutory requirement of a conservatorship.[1]

Plaintiff's proposed settlement also indicates that attorney fees for defendants United States and Tenet are to be paid out of the settlement proceeds. However, plaintiff has not offered any explanation why plaintiff has agreed to use a portion of the settlement proceeds in such a manner. Furthermore, the agreement only sets out plaintiff's expenses and does not address the payment of plaintiff's attorney fees as required by § 507.184 R.S.Mo. The Court will order plaintiff to explain these calculations in more detail in any subsequent motion for approval of minor settlement.

Finally, plaintiff's petition for approval of minor's settlement does not include defendant Reed in its list of current

---

[1] The Court further notes that plaintiff's proposed settlement does not fall under any of the other conditions where a conservatorship may be dispensed with pursuant to § 475.330 R.S.Mo.

defendants on page 1. Plaintiff does not offer an explanation for this omission, other than to drop a footnote indicating that defendant "United States has accepted responsibility for the acts or omissions of Jonathan Reed, M.D." (Petition [Doc. #32] at 1.) Regardless of defendant United States' acceptance of responsibility, defendant Reed is still a party to this lawsuit as the Court has not dismissed the claims against him.

The Court will vacate the hearing set for June 9, 2006, and reschedule the hearing upon receipt of a motion for approval of minor settlement and a proposed order and judgment approving settlement, which recite in detail the settlement's compliance with the requirements of § 507.110 through § 507.188 R.S.Mo.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's petition for approval of settlement [Doc. #32] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall file, no later than June 30, 2006, a motion for approval of minor settlement and a proposed order and judgment approving settlement, which shall recite in detail the settlement's compliance with the requirements of § 507.110 through § 507.188 R.S.Mo., and shall comply with the above memorandum.

**IT IS FURTHER ORDERED** that plaintiff's motion for approval of minor settlement shall explain why the settlement agreement contemplates the payment of the defendants' attorney fees

3

from the settlement proceeds.

**IT IS FURTHER ORDERED** that the hearing on plaintiff's motion for approval of minor settlement set for Friday, June 9, 2006 at 1:30 p.m. is vacated.

Dated this  1st  day of June, 2006.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE